UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                                              Case No.: 6:15-bk-01838-KSJ
                                                                                                    Chapter 7
JODELL M. ALTIER,

      Debtor.
_____/

**TRUSTEE'S MOTION FOR TURNOVER**

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

      Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within thirty (30) days from the date set forth on the certificate of service attached to this paper plus an additional three (3) days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the Trustee's attorney, Michael A. Nardella, Esq., Nardella & Nardella, PLLC, 250 E. Colonial Dr., Ste 102, Orlando, FL 32801, and a copy on the U.S. Trustee, George C. Young Federal Courthouse, 400 West Washington Street, Suite 1100, Orlando, FL 32801, within the time allowed.

      If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

      Pursuant to 11 U.S.C. §§ 521, 541, 542 and Bankruptcy Rule 4002 Gene T. Chambers, Chapter 7 Trustee in Bankruptcy for Jodell M. Altier ("Trustee"), by and through her undersigned counsel, submits her Motion for Turnover, and states as follows:

      1.    Debtor, Jodell M. Altier ("Debtor") filed for a voluntary chapter 7 bankruptcy petition on March 4, 2015, in Case Number 6:15-bk-01838-KSJ (the "Petition Date").

      2.    Gene T. Chambers was appointed as the Chapter 7 Trustee in this case.

      3.    During a deposition of Debtor by Goshen Mortgage, LLC, Debtor explained that she transferred certain real properties for "asset protection" purposes to a company called Grande

Legacy Group (the "Company"). *See* Transcript of the Deposition of Jodell M. Altier taken November 5, 2015 (the "Deposition Transcript") (11:1-4). A copy of the Deposition Transcript is attached to the Trustee's Objection to Exemptions (Doc. 85) as Exhibit A.

4. Debtor further admitted that the "asset protection" was a purposeful design to prevent specific, identified creditors from reaching the Debtor's real property if such creditors "came after me." (Deposition Transcript at 15:4-9).

5. Debtor testified that she transferred the real properties in exchange for the ownership of the Company.

6. Debtor produced a copy of a stock certificate, which is a "bearer shares" certificate (the "Certificate"), such that any party holding the physical certificate is the sole owner of all 1,000 shares of the Company. A copy of the Certificate is attached hereto as **Exhibit A**.

7. Bankruptcy Code § 521(a)(3) requires the Debtor to "...cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties under this title."

8. Bankruptcy Code §521(a)(4) goes on to require the Debtor to "...surrender to the Trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate..."

9. The Trustee is entitled to possession of the Certificate.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order directing the Debtor to immediately turn over the original Certificate and other such relief as the Court deems just and proper.

Respectfully submitted this 18th of April, 2016.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.

Florida Bar No. 051265<br>
Anthony M. Nardella, Jr., Esq.<br>
Florida Bar No. 341274<br>
Nardella & Nardella, PLLC<br>
250 East Colonial Drive, Suite 102<br>
Orlando, FL 32801<br>
(407) 966-2680<br>
mnardella@nardellalaw.com<br>
akeppel@nardellalaw.com<br>
<br>
**Counsel for Gene T. Chambers, in her capacity as chapter 7 Trustee for the Estate of Jodell Altier**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was furnished via electronic mail using the Court's CM/ECF system and/or via First Class U.S. Mail on the 18th day of April 2016 to: Debtor: Jodell M. Altier, 2507 Roat Drive, Orlando, FL 32835; Debtor's Counsel: Jonathan B. Alper, Esquire, Jonathan B. Alper PLC 274 Kipling Court, Heathrow, FL 32746; Office of the U.S. Trustee, George C. Young Federal Building, 400 W. Washington Street, Suite 1100, Orlando, FL 32801-2210, and to all parties participating in CM/ECF.

/s/ Michael A. Nardella_____<br>
Michael A. Nardella, Esq.

# EXHIBIT "A"

**No. 1**   **STOCK CERTIFICATE**   **1000 Shares**

Shares

[Bearer Shares]

OF

**GRANDE LEGACY GROUP**

The Joint-Stock Company Indenture dated the __13__ day of __SEPTEMBER__, 2013 creates GRANDE LEGACY GROUP, owner of the corpus thereof and managed through Trustee(s) designated in the Indenture Articles comprising of One-Thousand (1000) uniform shares in said Joint-Stock Company which are authorized for issue.

THEREFORE, the Trustee(s) do hereby certify that the holder of the Stock Certificate is the owner of One-Thousand (1000) shares. The Contingent Rights hereby conveyed consist solely of income as distributed by the action and sole discretion of the Trustee(s), and upon termination and liquidation, the distribution of the remaining assets of the said Joint-Stock Company. At the death or termination of the holder thereof, this certificate and the shares become null and void.

Said shares, as represented by this Certificate, are transferable in accordance with the Articles of the said Joint-Stock Company. This Certificate evidences the receipt of property whether personal or real, tangible or intangible, conveyed to said Joint-Stock Company under the conditions and for the purposes set forth in the said Joint-Stock Company Indenture which confers no rights, powers, privileges or interests not specifically declared in said Indenture.

IN WITNESS WHEREOF the Trustee has signed and sealed this Certificate as authorized by the said Joint-Stock Company Indenture, on this dated the __13__ day of __SEPTEMBER__, 2013.

_____
Name Trustee

_____
Name Trustee