UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                          Case No.: 6:15-bk-01838-KSJ
                                                                                 Chapter 7
JODELL M. ALTIER,

      Debtor.
_____/

**MOTION FOR APPROVAL OF COMPROMISE OF
CONTROVERSY BETWEEN TRUSTEE AND DEBTOR**

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

      Pursuant to Local Rule 2002-4, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within twenty-one (21) days from the date set forth on the proof of service attached to this paper plus an additional three (3) days for service. If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the Trustee's attorney, Michael A. Nardella, Esq., Nardella & Nardella, PLLC, 250 E. Colonial Dr., Ste 102, Orlando, FL 32801, and a copy on the U.S. Trustee, George C. Young Federal Courthouse, 400 West Washington Street, Suite 1100, Orlando, FL 32801, within the time allowed.

      If you file and serve a response within the time permitted, the Court may schedule and notify you of a hearing, or the Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

      Pursuant to Bankruptcy Rule 9019, Gene T. Chambers, Chapter 7 Trustee in Bankruptcy for Jodell M. Altier ("Trustee"), by and through her undersigned counsel, moves for approval of a proposed compromise of controversy between the Trustee and the Debtor, Jodell M. Altier ("Debtor") in Adversary proceeding number 6:16-ap-00013-KSJ consolidated into Adversary proceeding number 6:15-ap-00156-KSJ and to its objection to exemptions, and gives notice of such compromise to all interested parties. The Trustee also requests that service of any order

granting or denying the motion be limited to the Trustee, the attorney for the Debtor, the Debtor, the United States Trustee, and any objecting party. In support, the Trustee states as follows:

## Background

1. Debtor, Jodell M. Altier ("Debtor") filed for a voluntary chapter 7 bankruptcy petition on March 4, 2015, in Case Number 6:15-bk-01838-KSJ (the "Petition Date").

2. Gene T. Chambers was appointed as the Chapter 7 Trustee in this case.

3. Trustee contends that her review of the documents provided by Debtor indicate several causes of action available to her with regard to fraudulent transfers that occurred prior to Debtor filing her Chapter 7 Petition. The Trustee believes that these transfers, made for no consideration, would likely be recoverable by the bankruptcy estate; hence the filing of the adversary. The Trustee also believes the Estate would prevail on its objection to exemptions and would likely recover some value for the Estate as a result of any litigation in that regard.

4. Debtor contends that while the Trustee may believe the Estate has valid claims for fraudulent transfers and any other Chapter 5 causes of action, they have sufficient defenses to such claims and would prevail at litigation. Also, Debtors believe their exemptions are valid and that the estate would not prevail in its objections.

## Compromise

5. In order to save the time and expense of litigation and collection, the Trustee, the Debtor, and the Debtor's husband and co-defendant Joseph Altier (collectively, the "Altiers") have agreed to the Term Sheet as attached and incorporated into this Motion as **Exhibit A**. The general terms of the compromise are as follows:

    a. On or before thirty (30) days after the Effective Date, the Altiers shall pay to the Trustee a sum of $25,000 in immediately available funds.

b. On the Effective Date, the Altiers shall execute an insurable mortgage in favor of the Trustee for 52% of the sum of (x) unsecured claims and (y) administrative expense claims, as allowed by the Court. The mortgage shall be given to secure the Altiers' obligations under this term sheet, and shall be due and payable 180 days subsequent to the Effective Date. The mortgage referenced herein shall be a first priority lien upon the properties at (i) 2122 Kettle Drive, Orlando, Florida, and (ii) 280 Lanternback Island Drive, Satellite Beach, Florida. It shall be the obligation of the Altiers to be able to deliver the insurable first priority mortgage referenced in this paragraph by the Effective Date; in the event the Altiers cannot do so, the settlement set forth herein shall be null and void. The insurable mortgage shall be in the amount of $87,441.33 plus administrative expenses, and be in form and substance reasonably acceptable to the Trustee and her counsel. On the 180th day after the Effective Date, the Altiers shall pay the lesser of (x) $87,441.33 plus administrative expenses, less $25,000, or (y) the amount of unsecured claims as allowed, plus administrative expenses, less $25,000, if the unsecured claim (or any of them) as filed have been reduced by a non-appealable final order.

c. On or within five (5) days of the Effective Date, if the Altiers have complied with paragraph 2, the Trustee shall dismiss with prejudice the Objections to Exemptions filed by her.

d. On or within five (5) days of the Effective Date, if the Altiers have complied with paragraph 2, the Altiers and the Trustee shall exchange mutual releases in form and substance reasonably acceptable to counsel for such parties.

e. The mortgage contemplated by paragraph 2 shall be in a commercially reasonable form for commercial mortgages. Among other standard and typical provisions, such mortgage shall provide that a default under this term sheet shall be a default under such mortgage.

f. The Trustee shall file a Rule 9019 Motion on or within ten (10) days of April 18, 2016.

g. Except as set forth herein, each party shall bear their own attorney's fees and costs. For clarification purposes, the obligation to deliver an insurable mortgage by the Altiers includes the cost of such insurance commitment and closing costs.

h. "Effective Date" shall mean the date an order approving this agreement is entered by the Bankruptcy Court and becomes final.

**Best Interests of the Estate**

6. The Trustee recommends approval of this compromise because it enables the estate to recover a reasonable value for the transferred property relative to the claims made in this case without the cost of litigation and collection.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order approving the Term Sheet, limiting service of any order, and granting such other relief as the Court deems just and proper.

Respectfully submitted this 28th of April, 2016.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.
Florida Bar No. 051265
Anthony M. Nardella, Jr., Esq.
Florida Bar No. 341274

Nardella & Nardella, PLLC<br>
250 East Colonial Drive, Suite 102<br>
Orlando, FL 32801<br>
(407) 966-2680<br>
mnardella@nardellalaw.com<br>
akeppel@nardellalaw.com<br>
<br>
**Counsel for Gene T. Chambers, in her capacity as chapter 7 Trustee for the Estate of Jodell Altier**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was furnished via electronic mail using the Court's CM/ECF system and/or via First Class U.S. Mail on the 28th day of April 2016 to all parties on the attached mailing matrix.

/s/ Michael A. Nardella<br>
Michael A. Nardella, Esq.

```
Label Matrix for local noticing          Goshen Mortgage, LLC                    Recovery Management Systems Corp.
113A-6                                   c/o Seneca Mortgage Servicing           Attn: Ramesh Singh
Case 6:15-bk-01838-KSJ                   611 Jamison Rd.                         25 SE Second Avenue, Ste 1120
Middle District of Florida               Elma, NY 14059-9392                     Miami, FL 33131-1605
Orlando
Thu Apr 28 09:45:46 EDT 2016

SETERUS, INC. AS THE AUTHORIZED SUBSERVICER   SunTrust Bank                      Alexandra Kalman, Esq
Choice Legal Group, P.A.                 c/o Esther McKean, Esq.                 Lender Legal Services LLC
P.O. BOX 9908                            Akerman LLP                             201 E Pine Street, Ste 730
Fort Lauderdale, FL 33310-0908           P.O. Box 231                            Orlando FL 32801-2763
                                         Orlando, FL 32802-0231

Bank of America                          (p)BANK OF AMERICA                      Christna Trust
PO Box 851001                            PO BOX 982238                           1610 E Saint Andrew Place
Dallas  TX  75285 1001                   EL PASO TX 79998-2238                   Suite B-150
                                                                                 Santa Ana  CA 92705-4931

Dept of Treasury IRS                     Discovery Beach Resort                  Federal National Mortgage Assoc
2970 Market St                           300 Barlow Ave                          Fannie Mae
Philadelphia  PA 19104-5002              Cocoa Beach  FL 32931-3906              3900 Wisconsin Ave. NW
                                                                                 Washington  DC  20016 2892

Florida Department of Revenue            Goshen Mortgage, LLC                    Internal Revenue Service
Bankruptcy Unit                          c/o Justin M. Luna, Esq.                Post Office Box 7346
Post Office Box 6668                     Latham, Shuker, Eden & Beaudine, LLP    Philadelphia PA 19101-7346
Tallahassee FL 32314-6668                PO Box 3353
                                         Orlando, FL  32802-3353

James Monroe PA                          John R. Samaan  PA                      Justin Plean
PO Box 540163                            337 N. Ferncreek Ave.                   Lender Legal Services LLC
Orlando  FL 32854-0163                   Orlando  FL 32803-5439                  201 E Pine Street, Ste 730
                                                                                 Orlando FL 32801-2763

Macys Dept. Store                        Mandalay at Stonebridge                 Mandalay at Stonebridge
7 West 7th St.                           Commons Condominium Assoc Inc.          Miramonte Dr.
Cincinnati  OH 45202-2424                Orlando  FL  32835                      Orlando  FL  32835

Mary Biddle                              Orange County Tax Collector             Oyster Pointe & Oyster Bay Resort
6 Fairway Cove Dr.                       PO Box 545100                           1570 US 1
Orlando  FL                              Orlando FL 32854-5100                   Sebastian  FL 32958-3831

Recovery Management Systems Corporation  Stein Mart Store                        SunTrust Bank
25 S.E. 2nd Avenue, Suite 1120           1200 Riverplace Blvd                    Attn: Support Services
Miami, FL 33131-1605                     Jacksonville  FL 32207-1809             P.O. Box 85092
                                                                                 Richmond, VA 23286-0001

Suntrust Bank                            United States Trustee - ORL7/13         Wells Fargo - Visa
200 Orange Ave.  5th Fl                  Office of the United States Trustee     PO Box 4039
Mail Code FL-ORL-2052                    George C Young Federal Building         Concord  CA 94524-4039
Orlando  FL 32801-3410                   400 West Washington Street, Suite 1100
                                         Orlando, FL 32801-2210
```

| | | |
|---|---|---|
| Wells Fargo - Visa<br>PO Box 6412<br>Carol Stream  IL 60197-6412 | Andrew M. Brumby<br>Shutts & Bowen LLP<br>Post Office Box 4956<br>Orlando, FL 32802-4956 | Gene T Chambers<br>Post Office Box 533987<br>Orlando, FL 32853-3987 |
| Jodell M Altier<br>2507 Roat Drive<br>Orlando, FL 32835-8145 | Jonathan B Alper<br>Jonathan B Alper PLC<br>274 Kipling Court<br>Heathrow, FL 32746-4124 | Steven M Vanderwilt<br>9940 Hood Road<br>Jacksonville, FL 32257-1134 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bank of America - Visa
PO Box 982235
El Paso  TX  79998 2235

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Darrin Lavine

End of Label Matrix
Mailable recipients    35
Bypassed recipients     1
Total                  36

Exhibit A

## Settlement Term Sheet

This settlement term sheet is made this 18th day of April, 2016 by and between Jodell M. Altier ("Jody"), Joseph E. Altier ("Joe") (Jody and Joe, collectively, the "Altiers") and Gene T. Chambers, as Trustee of Jody's Chapter 7 bankruptcy estate in Case No. 6:15-bk-01838 in the USBC for the Middle District of Florida (the "Trustee"):

1. On or before 30 days after the Effective Date, the Altiers shall pay to the Trustee the sum of $25,000 in immediately available funds.

2. On the Effective Date, the Altier shall execute an insurable mortgage in favor of the Trustee for 52% of the sum of (x) unsecured claims and (y) administrative expense claims [as allowed by the Court]. The mortgage shall be given to secure the Altiers obligations under this term sheet, and shall be due and payable 180 days subsequent to the Effective Date. The mortgage referenced herein shall be a first priority lien upon the properties at (i) 2122 Kettle Drive, Orlando, Florida and (ii) 280 Lanterback Island Drive, Satellite Beach, Florida. It shall be the obligation of the Altiers to be able to deliver the insurable

\* On the fifth day after the Effective Date, the Altiers shall pay the lesser of (i) $87,441.33 plus administrative expenses, less $25,000 or (ii) the amount of unsecured claims as allowed plus administrative expenses, less $25,000.00, if the unsecured claims (or any of them) as filed have been reduced by a non-appealable final order.

First priority mortgage referenced in this paragraph by the Effective Date; in the event the Altiers cannot do so, the settlement set forth herein shall be null and void. The (mortgage) shall be in the amount of $87,441.33 plus administrative expenses, and be in form and substance reasonably acceptable to the Trustee and her counsel.

3. On or within 5 days of the Effective Date, if the Altiers have complied with paragraph 2, the Trustee shall dismiss with prejudice the objection to exemptions filed by her.

4. On or within 5 days of the Effective Date, if the Altiers have complied with paragraph 2, the Altiers and the Trustee shall exchange mutual releases in form and substance reasonably acceptable to counsel for such parties.

5. The mortgage contemplated by paragraph 2 shall be in a commercially reasonable form for commercial mortgages. Among other standard and typical provisions, such mortgage shall provide that a default under this term sheet shall be a default under such mortgage.

6. The Trustee shall file a Rule 9019 motion to compromise on or within 10 days from April 18, 2016.

\* For clarification purposes, the obligation to deliver an insurable mortgage ~~includes any cost to date~~ by the Altiers includes the cost of such insurance commitment and closing costs.

7. Except as set forth herein, each party shall bear their own attorneys' fees and costs.\*

8. "Effective Date" shall mean the date an order approving this agreement by the Bankruptcy Court becomes FINAL.

Dated: April 18, 2016

_____  
Gene T. Chambers,  
as Trustee

_____  
Rodell M. Altier

_____  
Michael A. Nardella, Esq.  
Attorney for the Trustee

_____  
Joseph E. Altier

_____  
Jonathan B. Alper, Esq.  
Attorney for the Altiers