**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| In re: | CASE NO. 6:15-bk-01838-KSJ |
| JODELL M. ALTIER, | CHAPTER 7 |
| Debtor._____/ | Estimated Hearing Time: 15 Minutes |

**MOTION TO COMPEL DEBTOR'S COMPLIANCE WITH 11 U.S.C. § 521(a)(2)**

  **GOSHEN MORTGAGE, LLC** ("Goshen"), a secured creditor in this bankruptcy case, by and through its undersigned attorneys, and pursuant to 11 U.S.C. §§ 105(a) and 521(a)(2), files this motion to compel Jodell M. Altier (hereinafter referred to as "Debtor") to comply with her statutory duties as a Chapter 7 debtor as required by 11 U.S.C. §521(a)(2)(the "Motion"). In support of its Motion, Goshen states as follows:

**Background**

  1. On March 4, 2015, the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). On the same date, Debtor filed her Bankruptcy Schedules and Statement of Financial Affairs (the "Original Schedules"), and her Chapter 7 Individual Debtor's Statement of Intention (the "Statement of Intention")(Doc. No. 9). A true and correct copy of the Debtor's filed Statement of Intentions is attached hereto as **Exhibit "A."**

  2. Although the Original Schedules fail to list any interest in real property, the Debtor indicated her intent to retain the parcel of real property located at: 2507 Roat Drive, Orlando, Florida, 32835 (the "Property") on her Statement of Intention. However, the Debtor did not mark a box to choose either to redeem or reaffirm the debt associated with the Property, rather the Debtor marked the box designated "Other" with the term "Declaratory Release".

3.      More than a year after filing her Original Schedules, the Debtor amended her Bankruptcy Schedules and Statement of Financial Affairs on March 23, 2016 (Doc. Nos. 83 and 84). On Amended Schedule "A," and for the very first time, the Debtor listed six parcels of real property, including the Property, which she claimed as her "homestead" despite the fact that she does not hold title to the Property. In addition, the Debtor listed Goshen on Amended Schedule D as the holder of the secured claim on the Property.

4.      The amendments, also for the very first time, included (i) the Debtor's ownership interest in Grand Legacy Group, a Texas Joint-Stock Company, (ii) transfers of real property to the Grand Legacy Group which were not previously disclosed in the Original Schedules, and (iii) a homestead exemption based upon an alleged "beneficial interest" in the Property. Despite the various amendments made to the Original Schedules, the Debtor neglected to amend her Statement of Intention, which remains as originally filed.

## Argument

5.      Section 521 of the Bankruptcy Code sets out duties of a debtor including the requirement to file a statement of intention regarding debts secured by property of the estate, and the time within which a debtor must perform her intention with respect to the property:

> (a)    The debtor shall   -
>
> (2) If an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate –
>
> (A) Within thirty days after the date of the filing of the petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, **file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property**;

11 U.S.C. § 521(a)(2)(A) (emphasis added).

6. The plain language of section 521(a)(2) does not allow chapter 7 debtors to retain property without redeeming the property or reaffirming the debt secured by the property. *Taylor v. AGE Federal Credit Union* (*In re Taylor*), 3 F.3d 1515, 1517 (11th Cir. 1993). In this Circuit, a chapter 7 debtor has only three options with respect to property subject to a lien or mortgage: (1) surrender the property; (2) redeem the property; or (3) reaffirm the debt. The Eleventh Circuit has rejected the view, accepted in other circuits, that the phrase "if applicable" in section 521(a)(2)(A) allows the debtor the option to not redeem property or reaffirm the debt if he or she intends to retain the property and keep current on the debt obligation. *Id*. at 1516. Instead, the Eleventh Circuit interpreted the phrase, "if applicable" to mean that the options of redemption and reaffirmation would not apply if the debtor surrenders the property. *Id*. The Eleventh Circuit reasoned that "[a]llowing a debtor to retain property without reaffirming or redeeming gives the debtor not a 'fresh start' but a 'head start' since the debtor effectively converts his secured obligation from recourse to nonrecourse with no downside risk for failing to maintain or insure the lender's collateral." *Id*.

7. Consistent with the opinion in *Taylor*, this Court has held that, "[w]here the debtor decides not to reaffirm, or the parties cannot negotiate a reaffirmation, or redemption is not economically feasible, the debtor has but one option: 'surrender' the collateral." *In re Plummer,* 513 B.R. 135, 141 (Bankr. M.D. Fla. 2014) (*quoting In re Pratt*, 462 F. 3d 14, 19 (1st Cir. 2006); *see also In re Steinberg*, 447 B.R. 355, 357 (Bankr. S.D. Fla. 2011) ("In this circuit, a chapter 7 debtor has only three options with respect to property subject to a lien or mortgage: (1) surrender the property; (2) redeem the property; or (3) reaffirm the debt.").

8. The Debtor has intentionally failed to fulfill her duties as a Chapter 7 debtor by failing to properly specify on her Statement of Intention whether she intends to reaffirm the debt associated with the Property or redeem the property. The only statement made on the Statement of Intention is

that Debtor intends to somehow retain the Property by virtue of a "Declaratory Release." To date, Debtor has taken no action that would indicate that she actually intends to follow through with this stated intention and has not objected to Goshen's timely filed claim.

9. Given the many non-disclosures in this case, this blatant non-committal stance taken by the Debtor with regard to the Property is not remarkable. The only explanation for Debtor's failure to properly indicate her intention is that Debtor is attempting, in yet another way, to hinder Goshen's ability to enforce its rights.

10. Based on the law of the Eleventh Circuit, a Debtor must take a stance and select one of two options available to debtors who intend to retain property subject to a lien or mortgage. Accordingly, as Debtor has failed to select one of the two retention options available to her, Goshen requests that this Court compel the Debtor to comply with her statutory duties as a Chapter 7 debtor and provide a valid statement of her intention to either: (i) reaffirm the debt associated with the Property, (ii) redeem the Property; or (iii) surrender the Property to Goshen.

**WHEREFORE**, Goshen Mortgage, LLC, respectfully requests the Court enter an order compelling Debtor to comply with § 521(a)(2), requiring that Debtor submit an amended Statement of Intention, perform in accordance with the stated intention, and grant such other relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 27th day of June, 2016.

/s/ Justin M. Luna
Justin M. Luna, Esq.
Florida Bar No.: 0037131
Daniel A. Velasquez, Esq.
Florida Bar No. 0098158
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Avenue, Suite 1400
Orlando, Florida  32801
Tel:  407-481-5800
*Attorneys for Goshen Mortgage, LLC*

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**In re:**                                              **CASE NO. 6:15-bk-01838-KSJ**

**JODELL M. ALTIER,**                                   **CHAPTER 7**

        **Debtor.**
_____/

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true and correct copy of the **MOTION TO COMPEL DEBTOR'S COMPLIANCE WITH 11 U.S.C. § 521(a)(2)** has been filed via CM/ECF and furnished by U.S. First Class, postage prepaid mail to: **Jodell M. Altier**, c/o Jonathan B. Alper, Esq., Alper Law, PLLC, 274 Kipling Court, Heathrow, Florida 32746, jalper@alperlaw.com; **Gene T Chambers, Trustee**, c/o Michael A. Nardella, Esq., Nardella & Nardella, PLLC, 250 East Colonial Drive, Suite 102, Orlando, Florida 32801, mnardella@nardellalaw.com; and the U.S. Trustee, 400 W Washington Street, Suite 1100, Orlando, FL 32801, this 27th day of June 2016.

                                      /s/ Justin M. Luna
                                      Justin M. Luna, Esq.

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
Middle District of Florida

In re Jodell M. Altier          ,          Case No. 15-01838-6J7
      Debtor                                                                                 Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>CHRISTINA TRUST | **Describe Property Securing Debt:**<br>2507 ROAT DRIVE  ORLANDO, FL. 32835 |
| Property will be *(check one)*:<br>   ☐ Surrendered              ☑ Retained<br><br>If retaining the property, I intend to *(check at least one)*:<br>   ☐ Redeem the property<br>   ☐ Reaffirm the debt<br>   ☑ Other. Explain DECLARATORY RELEASE  (for example, avoid lien using 11 U.S.C. § 522(f)).<br><br>Property is *(check one)*:<br>   ☐ Claimed as exempt              ☐ Not claimed as exempt | |

| Property No. 2 *(if necessary)* | |
|---|---|
| **Creditor's Name:**<br>FEDERAL NATIONAL MORTGAGE ASSOC | **Describe Property Securing Debt:**<br>216 NE 10TH AVE  GAINESVILLE, FL. 32601 |
| Property will be *(check one)*:<br>   ☐ Surrendered              ☑ Retained<br><br>If retaining the property, I intend to *(check at least one)*:<br>   ☐ Redeem the property<br>   ☐ Reaffirm the debt<br>   ☑ Other. Explain DECLARATORY RELEASE  (for example, avoid lien using 11 U.S.C. § 522(f)).<br><br>Property is *(check one)*:<br>   ☐ Claimed as exempt              ☐ Not claimed as exempt | |

EXHIBIT "A"

B 8 (Official Form 8) (12/08)   Page 2

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>❏ YES    ❏ NO |

| Property No. 2 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>❏ YES    ❏ NO |

| Property No. 3 *(if necessary)* | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>❏ YES    ❏ NO |

_____ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: 3/17/15

_____
Signature of Debtor

_____
Signature of Joint Debtor

B 8 (Official Form 8) (12/08)  Page 3

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION
*(Continuation Sheet)*

**PART A - Continuation**

| Property No. | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

Property will be *(check one)*:
  ❏ Surrendered          ❏ Retained

If retaining the property, I intend to *(check at least one)*:
  ❏ Redeem the property
  ❏ Reaffirm the debt
  ❏ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
  ❏ Claimed as exempt          ❏ Not claimed as exempt

**PART B - Continuation**

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>❏ YES     ❏ NO |

| Property No. | | |
|---|---|---|
| **Lessor's Name:** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>❏ YES     ❏ NO |